CHARLES BOYDSTON, Appellant, v. ABRAM MEACHAM, Respondent.

Kansas City Court of Appeals, January 9, 1888.

CASE ADJUDGED—PETITION HELD TO STATE A CAUSE OF ACTION. The petition in this case alleges : A lease by plaintiff to one Collins of coal lands for so much per bushel for all coal taken out except, etc.; a sale of a half interest in his lease by Collins to defendant with consent of plaintiff ; the amount of coal so taken out with credit for payments, and defendant's promise to pay it. *Held*, that the petition states a cause of action.

APPEAL from Henry Circuit Court, HON. JAMES B. GANTT, Judge.

*Reversed and remanded.*

The case is stated in the opinion.

FYKE & CALVIRD and W. R. JEFFRIES, for the appellant.

I.   The petition is sufficient. It alleges the lease of plaintiff's coal lands to one Collins ; an assignment by Collins, with plaintiff's consent, of a one-half interest in the lease, to defendant ; entry by Collins and defendant and taking away by them of large quantities of coal from said premises, and that the royalty to be paid under said contract was one cent per bushel, which defendant had expressly agreed to pay, and that defendant had paid a part of said royalty, and that the balance due plaintiff was $234.10.   The defendant being in possession of the mine as a partner or assignee of Collins, was *prima facie* liable.   If his arrangement with Collins was such that he was not liable to plaintiff, it devolved upon him to show that fact. *Ebling v. Fuylein*, 2 Mo. App. 252.

II. The court erred in rendering judgment against plaintiff and in refusing to permit him to take a non-suit. The petition had not been adjudged bad on demurrer or motion. *Spurlock v. Railroad*, 93 Mo. 13.

R. C. McBETH, for the respondent.

I. Plaintiff's petition failed to state a cause of action in this: It failed to allege any privity of contract or estate, between the appellant and respondent. *Board of Public Schools v. Ins. Co.*, 5 Mo. App. 91.

II. The court did not err in refusing to permit plaintiff to take a non-suit, and in rendering judgment against the plaintiff. This was the third pleading of plaintiff held insufficient, by the court, in which case the statute provides that no further petition shall be filed, but judgment shall be rendered. 1 Rev. Stat., sec. 3540.

III. The point was not raised by appellant, in his motion for a new trial, or in the motion in arrest.

IV. The allegation in the petition, "that defendant, in connection with said Collins as a partner, entered into possession, etc." is no allegation of partnership, nor does it constitute any cause of action in the appellant; this is not an action on a *quantum meruit*, as for use and occupation, nor is respondent so liable. Unless the petition shows on its face that respondent acquired from the lessee, Collins, by assignment in writing, a legal estate in the leased premises, and a right to possession, so that there existed a privity of estate between appellant and respondent, the petition is insufficient, and the ruling of the court was right. *Ebling v. Fuylein* (5 Mo. App. 252), cited by appellant, is authority. In that case there was an assignment in writing on the back of the lease, but the assignment was not made by the proper party, and was held insufficient, and defendant not liable.

V. No presumption of assignment of lease to respondent arises from his alleged possession. The petition alleges that respondent was in possession in con-

nection with Collins, the lessee, so that the possession is alleged to have remained all the time in the lessee of appellant, and the allegation that respondent was in possession, in connection with appellant's lessee, does not create a *prima-facie* liability of respondent, as assignee of the lease.

Ellison, J.—At the opening of the trial in this cause the defendant objected to any testimony, for the reason that the petition did not state facts sufficient to constitute a cause of action. The objection was sustained. Plaintiff then asked to take a non-suit, which was refused and judgment rendered against him, and he appeals.

The petition alleges that plaintiff entered into a written agreement with one Collins, whereby he leased to him a small tract of coal land for three years, in which Collins agreed for himself and his assigns that he or his assigns would pay plaintiff one cent per bushel for all coal taken out except such as was used for fuel, etc.; that Collins entered and began to mine coal; that afterwards the defendant, with the consent of plaintiff and with a full knowledge of the terms of the lease, purchased a half interest therein from Collins, and did, in connection with Collins as a partner, enter into possession of the mine and take out coal for a certain space of time. The petition then charges the amount of coal taken out by Collins and defendant, and that defendant expressly agreed to pay one cent per bushel for said amount (the sum stipulated in the lease); that defendant has paid on the sum due eighty-four dollars and forty-one cents, leaving the balance due plaintiff, etc., for which he asks judgment. That the petition was not drawn with the precision and definiteness it should have been is certain, yet I think a cause of action can be said to be stated. Defendant is charged to have bought into the mining operations of Collins, with a knowledge of the terms under which Collins operated, with plaintiff's consent. He is charged to have been a partner of Col-

lins in the business ; that he expressly agreed to pay for the amount of coal taken out and did pay a portion of the claim. We have considered defendant's suggestions as to the technical legal relations which exist between a landlord and an assignee of his tenant, but we think enough has been stated in the petition to make a cause of action apart from such consideration.

The judgment is reversed and the cause is remanded. Hall, J., concurs ; Philips, P. J., not sitting.

